IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED AND FILED
2010 MAR 11  AM 9: 34
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

**JUAN LOPEZ ROMAN**
   Petitioner,

v.

**UNITED STATES OF AMERICA,**
   Respondent.

**CIVIL NO. 06-1390 (PG)**

## OPINION AND ORDER

Petitioner Juan Lopez-Roman (hereinafter, "Petitioner" or "Petitioner Lopez-Roman") proceeding pro se has filed a Motion Under Title 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence, along with two Memorandums of Law in support. (D.E. # 1). The Government has filed a Response to Petitioner's Motion Under 28 U.S.C. Section 2255. (D.E.# 6). Petitioner filed his reply to the Government's response. (D.E. # 9). For the reasons stated below, Petitioner Lopez Roman's motion pursuant to Title 28 U.S.C. Section 2255 is hereby **DENIED** in part and **GRANTED** in part.

### I. BACKGROUND

Petitioner Jose Lopez-Roman was charged in two separate indictments returned by a Federal Grand Jury: Criminal No. 01-614 and Criminal No. 01-619.

In Criminal No. 01-614, Petitioner, along with seven (7) co-defendants, was the subject of a six (6) count Second Superseding Indictment rendered on November 21, 2001. (D.E. # 116). Count One charged a conspiracy to distribute in excess of five (5) kilograms of cocaine, in violation of 21 U.S.C. Section 846. Count Five charged that from on or about February 4, 2001, to on or about March 12, 2001, Petitioner aiding and abetting others, and in furtherance of the conspiracy carried firearms during and in relation to drug trafficking crimes, all in violation of 21 U.S.C. Section 924(c)(A)(I).

In Criminal No. 01-619, Petitioner was, along with a co-defendant, the subject of a two (2) count Superseding Indictment rendered on August 14, 2001. (D.E. # 5). Counts One and Two charged that from on or about March 5, 2001 through March 13, 2001, and specifically on March 11, 2001 (Count Two), the defendants charged therein, conspired with each other and attempted to distribute more than five (5) kilograms of cocaine respectively.

On March 5, 2002, both cases were called for jury trial as to Petitioner and the other co-defendants. (D.E. # 173). Jury trial was held on March 5, 6, 8, 11, and 12, 2002. (D.E. # 173, 181, 182, 183, 184, 186, 188). On the sixth day of trial, March 14, 2002, Petitioner informed the District Court of plea negotiations. (D.E. # 193). The next day, March 15, 2002, Petitioner entered a plea of guilty as to Counts One and Five of the Second Superseding Indictment in Cr. No. 01-614; and as to Count Two in Cr. No. 01-619. (D.E. # 201).

The parties agreed that Petitioner should be held accountable for the distribution of at least two (2) kilograms of cocaine in Count One in Cr. No. 01-614, and for two (2) kilograms of cocaine in Count Two in Cr. No. 01-619, the aggregate quantity being four (4) kilograms of cocaine. This amount would result in a base offense level of thirty (30). The parties also agreed on a three (3) level upward adjustment based on defendant's role in the offense. Additionally, a two (2) level increase was agreed based on defendant's abuse of a position of trust. Finally, the parties agreed a two (2) level decrease for acceptance of responsibility. These adjustments result in a total offense level of thirty three (33). (D.E. # 201).

Sentencing was held on September 6, 2002. (D.E. # 278). At sentencing the Court awarded a two (2) level increase for role in the offense; a two (2) level increase for abuse of a position of public trust; and a two level decrease for acceptance of responsibility for the involvement in the offense conduct. Petitioner was sentenced to a term of imprisonment of one hundred fifty one (151) months in Count One in Cr. No. 01-614 and Count Two in Cr. No. 01-619, said terms to be served concurrently with each other and a term of sixty (60) months as to Count Five in Cr. 01-614, said term to be served consecutively to the terms imposed in Count One of Cr. 01-614 and Count Two in Cr. 01-619. Concurrent terms of supervised release of eight (8) years as to Count One in Cr. 01-614, three (3) years

Civil No. 06-1390 (PG)                                                                                                Page 3

as to Count Two in Cr. 01-619, and three (3) years as to Count Five in Cr. 01-614 were also imposed. A special monetary assessment of three hundred dollars ($300) was imposed. (D.E. # 278). Judgment was entered on September 9, 2002. (D.E. # 279). A timely notice of appeal was filed on August 13, 2002. (D.E. # 282).

On appeal Petitioner challenged the factual basis of the guilty plea to Count Five of the Second Superseding Indictment, which charged him with carrying a firearm during and in relation to drug trafficking. In addition, Petitioner challenged the two (2) level enhancement for abuse of a trust position. Judgment and sentence were affirmed on December 22, 2004. After mandate was issued but before the time for filing a petition of certiorari had expired, Petitioner requested and obtained leave to file a supplemental brief pursuant to United States v. Booker, 125 S.Ct. 738 (2005). The supplemental brief was filed on April 21, 2005. The Judgment was issued on June 1, 2005 denying request for relief. Certiorari was filed and denied. Defendant Lopez-Roman's petition for relief pursuant to section 2255 was entered on April 19, 2006.[1]

## II. DISCUSSION

In his petition under 28 U.S.C. Section 2255, Petitioner Lopez-Roman claims that Counsel was ineffective for: (1) failing to challenge the indictments in Cr. 01-614 and Cr. 01-619; (2) failing to conduct an investigation prior to advising him to plead guilty; (3) failing to raise an Apprendi challenge to his sentence; (4) failing to claim an additional one (1) point level reduction for acceptance of responsibility. Additionally, Petitioner alleges that sentence has to be vacated because the eight (8) years term of supervised release imposed at sentencing exceeds the term allowed by statute, and that he is entitled to an evidentiary hearing to present facts in support of his arguments.

**A. Claim of ineffective assistance of Counsel for failure to challenge the indictments in Cr. 01-614 and Cr. 01-619**

---

[1] Petition is dated March 29, 2006.

Petitioner claims that the Court failed to recognize that Count Two of Cr. 01-619 was the substantive offense of Count One in Cr. 01-614 and Counsel failed to challenge the indictments. Petitioner's argument is contrary to the record. The record is clear in that these two indictments charged separate offenses. (See D.E. # 116 for Cr. No. 01-614 and D.E. # 5 for Cr. No. 01-619). Furthermore, Count Two of Cr. 01-619 refers to an offense committed by Petitioner and another co-defendant on March 11, 2001, which is a date on which no overt act or participation of Petitioner was detailed in Cr. 01-614. Moreover, the record reflects that during the change of plea hearing the Court provided a detailed explanation to Petitioner of the offenses charged in both indictments. In relation to Count Two in Cr. 01-619, the Court detailed the offense conduct and Petitioner acknowledged that he understood that he was voluntarily pleading to that offense:

THE COURT: Now, as to count two in Cr. 01-619, it is charged that on or about March 11, 2001 you being aided and abetted by Jose Martinez Hernandez did knowingly, unlawfully and intentionally attempt to commit an offense against the United States; that is to distribute more than five kilograms of cocaine. That is what you are charged in Count Two in criminal 01-619. I ask you, sir, is that what you did?

MR. LOPEZ ROMAN: Yes, Your Honor.

THE COURT: And that is what you are pleading guilty in count two?

MR. LOPEZ ROMAN: Yes, Your Honor.

(C.O.P. Tr., p.32).

Plaintiff's Counsel had no grounds to challenge the Indictments in Cr. 01-614 and Cr. 01-619 either at sentencing or on appeal. Petitioner's claim of ineffective representation for failing to challenge the indictments fails on its merits.

**B. Claim of ineffective assistance of Counsel for failing to conduct an investigation prior to advising him to plead guilty**

Petitioner also alleges that Counsel was ineffective for not performing an investigation into the laws

Civil No. 06-1390 (PG) Page 5

or facts of the case, prior to advising him to plead guilty.

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668,687, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984). But "[t]he Constitution does not guarantee a defendant a letter-perfect defense or a successful defense; rather, the performance standard is that of reasonably effective assistance under the circumstances then obtaining." United States v. Natanel, 938 F.2d 302, 309-10 (1st Cir.1991) (citation omitted), cert. denied, 502 U.S. 1079, 112 S.Ct. 986, 117 L.Ed. 2d 148 (1992).

To establish ineffective assistance of counsel, a petitioner must show that the attorney's performance was deficient, and that the deficiency prejudiced the defense. Strickland, 466 U.S. 668, 687 (1984). In order to establish deficiency, a petitioner must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Strickland 466 U.S. at 688. Counsel is presumed to have acted within the range of "reasonable professional assistance," and it is petitioner who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689. In order to show prejudice, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694.

The Strickland test applies to guilty plea challenges based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52 (1985). To meet the first part of the Strickland test a counseled guilty plea must be based on advise which is within the range of competence demanded of attorney's in criminal cases. Hill, 474 U.S. at 56. A guilty plea is valid only if it is based on a voluntary and intelligent choice among the alternative courses of action open to the defendant. North Carolina v. Alford, 400 U.S. 25 (1970). In the scenario of a plea agreement the Strickland requirement of prejudice is met if there is a reasonable probability that, but for counsel's errors, the defendant would not have plead guilty and

Civil No. 06-1390 (PG) Page 6

would have proceeded to trial. <u>Hill</u>, 474 U.S. at 59. A defendant who pleads guilty upon advise of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advise he received from counsel was not within the range of competence demanded of attorneys in criminal cases." <u>Lockhart</u> at 56.

In the present case, the record indicates that Petitioner participated in the transportation and delivery, or attempt to deliver four (4) shipments of cocaine, which totaled fifty-five (55) kilograms. In Cr. 10-614, the cocaine transported and delivered totaled thirty-five (35) kilograms. (PSI, p.4, par. 9 ten (10) kilograms; p.6 par. 22, twenty five (25) kilograms). In 01-619 the cocaine totaled twenty (20) kilograms. (PSI p. 7 par. 27, five (5) kilograms, and p.8 par 29, fifteen (15) kilograms). If petitioner had been individually convicted in each of the two cases, at sentencing the corresponding terms of imprisonment could have been imposed either concurrent or consecutively to each other. Pursuant to U.S.S.G. Section 2D1.1(c), in each of the two cases, Petitioner would have obtained a BOL of thirty four (34) (at least 15 but less than fifty kilograms of cocaine). With the abuse of trust, the role of the offense, and the acceptance of responsibility adjustments, the total adjusted offense level would then be set at a level of thirty six (36). The corresponding sentencing imprisonment range would have been of one hundred eighty eight (188) to two hundred thirty-five (235) months. Furthermore, since the firearms conviction carried a mandatory consecutive term of sixty (60) months, the minimum term of imprisonment would have been two hundred forty eight months, in each of the two cases. Even if the terms were concurrently imposed, the term of imprisonment of two hundred forty eight (248) months is still a longer sentence

Civil No. 06-1390 (PG)                                                                                    Page 7

compared to the one hundred fifty one (151) months obtained by counsel's plea bargaining. Under the circumstances, Petitioner's Counsel advise to plead guilty was reasonable and therefore, Petitioner's allegation that Counsel was ineffective for advising him to plead guilty fails on its merits.

**C. Claim of ineffective assistance of counsel for failing to raise an <u>Apprendi</u> challenge to his sentence**

Plaintiff's allegation that Counsel was ineffective for failing to raise an <u>Apprendi</u>[2] challenge to his sentence was an issue settled on direct appeal. There the Court stated:

> Finally, both appellants raise challenges to their sentences pursuant to <u>Blakely v. Whashington</u>, 124 S.Ct. 2531 (2004). The argument fails. They did not raise the issue below, so plain error standard applies. See <u>United States v. Morgan</u>, 384 F3d. 1, 7-8 (1st Cir. 2004). The sentencing court acted in accordance with factual findings necessary to support the enhancements; at the time (and at present), a jury finding or admission by the defendant was not necessary in order to satisfy Sixth Amendment concerns. Id. At 8. Therefore, we find no plain error in the court's sentencing procedures.

(Judgment, 02-2180 (1st Cir. December 22, 2004, p.3).

Since this issue was settled on direct appeal, Petitioner may not revisit his previous allegation

---

[2] <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

Civil No. 06-1390 (PG)                                                                                      Page 8

through a collateral proceeding. Section 2255 motions may not be used as vehicles to re-litigate issues that were raised on appeal absent extraordinary circumstances, such as intervening change of law or newly discovered evidence. Davis v. United States, 417 U.S. 333, 342 (1974); Singleton v. United States, 26 F. 3d 233, 240 (1st Cir. 1993). Since Petitioner adds nothing new to his previously resolved claim, his claim alleging that counsel was ineffective for failing to raise an Apprendi challenge to his sentence fails.

**D. Claim of ineffective assistance of counsel for failing to claim an additional one (1) level reduction for acceptance of responsibility**

Petitioner claims that he was denied an additional one (1) level reduction for acceptance of responsibility, and that counsel was ineffective for failing to pursue the claim. Petitioner's allegation is contrary to the record. At sentencing Petitioner's Counsel raised the issue and argued in support of the additional one (1) level reduction. (St. Tr., pp.8-10). Furthermore, Petitioner's acceptance of responsibility was not timely in the sense that his guilty plea was entered on the sixth day of trial.

The burden of proving entitlement to a reduction under U.S.S.G. Section 3E1.1 is on the defendant. United States v. Uricoechea Casallas, 947 F.2d 162, 163 (1st Cir. 1991); United States v. Bradley, 917 F.2d 601, 606 (1st Cir. 1990); United States v. Shores, 966 F.2d 1383 (11th Cir. 1991); United States v. Phillip, 948 F.2d 241 (6th Cir. 1991). To receive reduction in base offense level under the sentencing guidelines for acceptance of responsibility defendant most accept responsibility for all facets of crime to which he either pled guilty or of which he was convicted. United States v. Singer, 970 F.2d 1414, 1420 (5th Cir. 1992); United States v. Wollenzien, 972 F. 2d 890, 891 (8th Cir. 1992).

Under 3E1.1 "timeliness" is defined in functional terms. To qualify for the additional one (1) level reduction under 3E1.1(b)(2), the defendant "must have notified authorities of his intention to enter a plea of guilty at a sufficient early point in the process so that the Government may avoid preparing for trial and the Court may schedule its calendar efficiently". United States v. Morillo, 8 F.3d 864, 871 (1st Cir. 1993). It is well settled that "the notice of an intent to plead guilty must ordinarily be given well before trial". United States v. Hines, 196 F.3d 270, 272 (1st Cir. 1999). In the present case, at the moment when Petitioner decided to change his plea, the Government and the Court had already

expended resources in preparing for trial. Moreover, five (5) days of jury trial, had already elapsed prior to Petitioner's notice to the Court for a change of plea. (D.E. # 173, 181, 182,184,186,188,193). It is clear that the requirement was not met in this case and thus, Petitioner was not entitled to an additional point under 3E1.1(b). Petitioner's claim alleging ineffective assistance of counsel for failing to claim an additional one (1) level reduction for acceptance of responsibility fails.

### D. Claim of supervised release

Petitioner alleges that sentence has to be vacated because the eight (8) year term of supervised release imposed at sentencing exceeds the term allowed by statute. Because the imposition of a term of supervised release exceeding five (5) years represents an upward departure, the Court must give prior notice to the defendant of his intention to impose a term of such an extended duration and must state on the record the aggravating circumstances that justify the upward departure. In view of the fact that the Court did not provide the parties notice of a potential upward departure, the eight (8) year supervised release term imposed on Petitioner is vacated.

### E. Claim of evidentiary hearing

Petitioner requests that an evidentiary hearing be held on his post-conviction petition. Petitioner claims that the drug quantity cannot stand and an evidentiary hearing is needed.[3]

Evidentiary hearings on Section 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. United States v. McGill, 11 F.3d 223, 225 (!st Cir. 1993). An evidentiary hearing is unnecessary when the petitioner's allegations merely state conclusions instead of facts, are contradicted by the record, inherently incredible, or invalid as a matter of law. Id at 226. See also, Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, 28 U.S.C. Section 2255.

---

[3] In his plea negotiations Petitioner stipulated a drug quantity amount of two (2) kilograms of cocaine in Cr. 01-614; and an additional amount of two (2) kilograms in Cr. 01-619. It was further stipulated that at sentencing, the Court would use an aggregate amount of four (4) kilograms. With his claim that Count One in Cr. 01-619 is the substantive offense of Count One in Cr. 01-614, petitioner retracts of his previous stipulation by asserting that only (2) kilograms of cocaine could be used for sentencing computations.

Civil No. 06-1390 (PG) Page 10

Petitioner's allegations are contradicted by the record and he has failed to establish the merits of his petition. Accordingly, Petitioner is not entitled to an evidentiary hearing.

### III. CONCLUSION

WHEREFORE, the Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. Section 2255 (D.E. # 1) is DENIED IN PART and GRANTED IN PART. All claims in relation to conviction are DENIED. The supervised release term is vacated and defendant's sentence remains as previously imposed and his term of supervised release is reduced to five (5) years.

**IT IS SO ORDERED**

In San Juan, Puerto Rico, this 10th of March, 2010.

_____
**JUAN M. PÉREZ-GIMÉNEZ
UNITED STATES DISTRICT JUDGE**